IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| MOLLY RAMIREZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KDI CHEESE CO. LLC,<br><br>Defendant. | CASE NO. |

**CLASS ACTION COMPLAINT**
**FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101,** *et seq.*

Plaintiff Molly Ramirez ("Plaintiff") alleges on behalf of herself and a putative class of similarly situated former employees by way of this Class Action Complaint against KDI Cheese Company, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff was terminated along with an estimated 150 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Defendant beginning on or about January 19, 2024.

2. Defendant failed to give Plaintiff and those similarly situated employees 60 days' advance notice of their terminations, as required the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, (the "WARN Act").

3. Plaintiff seeks to enforce the WARN Act's statutory remedy of 60 days' back pay and benefits for herself and those similarly situated, pursuant to 29 U.S.C. § 2104, for the

Defendant's failure to provide WARN notice prior to their terminations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 29 U.S.C. § 2104(a)(5).

5. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6. Plaintiff was employed by Defendant as a lead operator from October 2015 until January 19, 2024.

7. Plaintiff is a resident of the state of Kansas.

8. Plaintiff worked at Defendant's manufacturing plant located at 1010 E 10th Street, Hugoton, Kansas (the "Facility").

9. On or about January 19, 2024, Plaintiff was notified of her termination effective immediately.

10. At no time prior to January 19, 2024, did Plaintiff receive written notice that her employment would be terminated.

11. Plaintiff was terminated without cause.

12. Along with Plaintiff, an estimated 150 other employees of Defendant who worked at the Facility were terminated on or about January 19, 2024, without 60 days' advance written notice.

### *Defendant*

13. Upon information and belief, Defendant is a Delaware limited liability company

with its principal place of business located at 11050 Roe Avenue, Suite #211, Overland Park, Kansas.

14. At all relevant times, Defendant operated a plant at the facility located at 1010 E 10th Street, Hugoton, Kansas.

15. Upon information and belief, Defendant employed more than 100 full time employees at the Facility until January 19, 2024 immediately preceding the terminations beginning on that day.

16. Upon information and belief, on January 19, 2024, Defendant terminated at least 100 employees (including Plaintiff) from the Facility without 60 days written notice.

## REPRESENTATIVE AND CLASS ALLEGATIONS

17. Plaintiff brings this representative action for relief for violation of 29 U.S.C. § 2101 *et seq.*, suing for herself and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a), who worked at the Facility, were terminated without cause within 90 days of January 19, 2024, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant and were "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

18. Plaintiff seeks to bring forward these claims utilizing the Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), to seek certification of an opt-out class (the "WARN Class").

19. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to be 150 individuals. On information and belief, the number and identity of the WARN Class Member are within the sole control of Defendant.

20. On information and belief, the rate of pay and benefits that were being paid to each

WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

21. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendant who worked at, received assignments from, or reported to the Facility;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause and without 60 days' advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

22. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, received assignments from, or reported to the Facility and was terminated without cause within 90 days of January 19, 2024, due to the mass layoff and/or plant closing ordered by Defendant.

23. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendant decided to order a mass layoff or plant closing at the Facility.

24. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and other statutory employment claims.

25. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to

4

other available methods for the fair and efficient adjudication of this litigation. This is particularly so in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and the damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

26. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

27. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## **CLAIM FOR RELIEF**
### Violation of the WARN Act, 29 U.S.C. § 2104 *et seq*.

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

30. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facility.

31. At all relevant times, Plaintiff and the WARN Class Members were "affected employees" of Defendant as that term is defined by 29 U.S.C. § 2101(a)(5).

32. On or around January 19, 2024, Defendant ordered mass layoff or plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

33. The mass layoff or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

34. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facility.

35. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

36. Defendant failed to give Plaintiff and the Class Members written notice that complied with the requirements of the WARN Act.

37. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

38. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to Local Rule 40.2(a), Plaintiff designates Kansas City as the place of trial for this matter.

Dated: February 1, 2024

Respectfully submitted,

By: */s/ Robert A. Bruce*_____
Daniel L. Doyle, KS Bar No. 11260
Robert A. Bruce, KS Bar No. 28332
**DOYLE & BRUCE LLC**
748 Ann Avenue
Kansas City, KS 66101
Telephone: (913) 543-8558
Fax: (913) 543-3888
Email: Dan@KCLaw.com
Email: Robert@KClaw.com

Jack A. Raisner *(pro hac vice forthcoming)*
René S. Roupinian *(pro hac vice forthcoming)*
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and the other similarly situated former employees*